IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY KEARNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-CV-682-SMY |
| | ) |
| KROGER, CO., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are Defendant Kroger Co.'s motion to dismiss for lack of venue pursuant to Rule 12(b)(3) and 28 U.S.C. §1406(a) (Doc. 8), which Plaintiff opposes (Doc. 12); and Plaintiff Timothy Kearney's motion to transfer pursuant to 28 U.S.C. §1406. For the following reasons, Defendant's motion is **GRANTED**, and Plaintiff's motion is **DENIED**.

## Factual Background

Plaintiff Timothy Kearney, who is deaf and resides in Normal, Illinois, asserts that Defendant Kroger Co. denied him employment between February 12, 2025, through March 26, 2025. Specifically, Plaintiff alleges that he was denied two positions at Defendant's stores located in Bloomington and Normal, Illinois. On April 18, 2025, Plaintiff filed this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, alleging discrimination due to his deafness.

Defendant now moves to dismiss this case for lack of venue, stating both stores and Plaintiff's residence are located within the Central District of Illinois. Plaintiff concedes this point, but requests that this Court transfer the case to the United States District Court for the

Central District of Illinois, rather than dismissal.

### Discussion

Under 28 U.S.C. §1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A transfer in the interests of justice is not warranted where a sophisticated party selected the forum based on an obvious mistake; in such cases, dismissal is proper. *Cont'l Ins. Co. v. M/V ORSULA*, 354 F.3d 603, 608 (7th Cir. 2003).

Here, Defendant argues the case should be dismissed because "rewarding such an obvious mistake by transferring . . . and allowing Kroger to bear the costs of prompting that transfer, would not serve the interests of justice." Plaintiff requests that the Court transfer the case to the Peoria Division of the Central District of Illinois but does not respond to Defendant's argument (Doc. 12). The Court agrees with Defendant that Plaintiff, a resident of Central District of Illinois, represented by counsel, made an obvious mistake in identifying an improper forum at the outset. There are no ambiguous factors in this case that could have led to an improper venue selection. As such, the Court dismisses the case for lack of venue, without prejudice. *Cont'l Ins. Co.*, 354 F.3d, at 608 ("While dismissing the suit because of a mistake that is '"easy to commit"' might be '"so disproportionate"' . . . the '"proper penalty for obvious mistakes that impose costs on opposing parties and on the judicial system is a heavy one."'").

### Conclusion

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** and Plaintiff's motion to transfer is **DENIED**.

**IT IS SO ORDERED.**
**DATED: June 4, 2025**

**STACI M. YANDLE**
**United States District Judge**